**CV 13-5085**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- TOWNES, J.

QUAYSHAUN CANADY,                                    GOLD, M.J.

                              Plaintiff,

                                               **COMPLAINT**

            -against-

THE CITY OF NEW YORK, UNDERCOVER OFFICER
# C0122, DETECTIVE SEAN DESENA, tax # 934751,   Jury Trial Demanded
POLICE OFFICER JOHN DOE,

                                Defendants.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action against the City of New York and New York City Police Officers of Narcotics Borough Queens alleging that, on August 7, 2012, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, using unreasonable force on him and denying him a fair trial. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in and subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## NOTICE OF CLAIM

5. A notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

6. The City did not notice plaintiff for a 50-h hearing.

7. This action is brought within one year and ninety days of the arrest of plaintiff.

## PARTIES

8. Plaintiff is a resident of the State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

11. On August 7, 2012, at approximately 9:00 p.m., in Queens, New York, plaintiff was walking to the subway to take the train to a party.

12. At all relevant times, plaintiff was obeying the law.

2

13. When plaintiff was on Liberty Avenue between 104th and 105th Streets, NYPD officers of Narcotics Borough Queens falsely arrested plaintiff after Undercover Officer # C0122 misrepresented that plaintiff was involved in a sale of marijuana.

14. One of the male officers who arrested plaintiff intentionally and unnecessarily slammed plaintiff into a glass window causing plaintiff to sustain a laceration to his head which required staples and causing plaintiff to suffer bruising and injuries to his right elbow.

15. The officers took plaintiff from the location of his arrest to Jamaica Hospital.

16. While plaintiff was in Jamaica Hospital, the defendants, acting in concert, falsely charged plaintiff with sale of marijuana and resisting arrest.

17. After plaintiff was treated at Jamaica Hospital, officers took plaintiff to Queens Central Booking.

18. While plaintiff was held in Queens Central Booking, defendants, acting in concert, misrepresented to prosecutors that plaintiff had assisted in a sale of marijuana and resisted arrest.

19. Defendants assisted in the creation of a criminal court complaint charging plaintiff with sale of marijuana and resisting arrest.

20. During plaintiff's arraignment on August 8, 2012, in the afternoon, the presiding judge released plaintiff on his own recognizance.

21. On December 19, 2012, the criminal charges were adjourned in contemplation of dismissal.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, lacerations, pain, swelling, bruising and headaches. Plaintiff also incurred medical expenses.

## FIRST CLAIM
## (FALSE ARREST UNDER FEDERAL LAW)

23. Plaintiff repeats the foregoing allegations.

24. At all relevant times, plaintiff did not commit a crime or violation.

25. Despite plaintiff's innocence, the defendants arrested plaintiff.

26. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM
## (UNREASONABLE FORCE)

27. Plaintiff repeats the foregoing allegations.

28. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

29. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM
## (DENIAL OF A FAIR TRIAL)

30. Plaintiff repeats the foregoing allegations.

31. Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes.

32. Defendants' misrepresentations deprived plaintiff of liberty.

33. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

34. Plaintiff repeats the foregoing allegations.

35. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

36. Accordingly, the defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

37. Plaintiff repeats the foregoing allegations.

38. At all relevant times, plaintiff did not commit a crime or violation.

39. Despite plaintiff's innocence, the defendants arrested plaintiff.

40. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SIXTH CLAIM

### (ASSAULT)

41. Plaintiff repeats the foregoing allegations.

42. Defendants' use of force upon plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

43. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

## (BATTERY)

44. Plaintiff repeats the foregoing allegations.

45. Defendants' use of force upon plaintiff was an offensive and nonconsensual physical contact which injured him.

46. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## EIGHTH CLAIM

## (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

47. Plaintiff repeats the foregoing allegations.

48. Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

49. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:     September 12, 2013

                                                                                   /s/ *Richard Cardinale*

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)